# Dilks | & | Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Thursday, December 6, 2018 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and 245 Holdings LLC with an address of 8000 Avalon Blvd, Ste 810, Alpharetta GA 30009 (the "Assignor").

## 1. Recitals

1.1.    Assignor is/was a properly named and lawful creditor in James A. & Patricia M. Futch (12-38988-H5-13)  as filed in the Southern District of Texas (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of **$7,161.21** (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

1.2.    Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

## 2. Assignment of Interest.

2.1.    *Assets Assigned.* The assets herein assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Cases identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

2.2.    *Assignment of Interest.* As herein stated Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

2.3.    *Consideration.* The consideration herein given by Assignee to Assignor shall be the sum of ▮▮▮▮▮▮ to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

2.4.    *Further Consideration.* As further consideration, Assignor shall be entitled to ▮▮▮ of any additional amounts recovered by Assignee over and above the Funds, or asset(s) herein assigned, if any.

On this 10ᵗʰ day of December, 2018. I certify that the preceding or attached document titled ( Assignment Agreement ), ( 4 pages) is a true, accurate, complete and redacted copy of the original being held at 35308 SE Center Street, Snoqualmie, WA 98065

Andrew T. Drake – Notary Public
My commission expires: September 9ᵗʰ, 2019



2.5.    *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

**3.    Closing.** The closing of the transaction herein shall be done immediately upon fulfillment of each party's obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

**4.    Representations and Warranties.**

4.1    *Assignor.* Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the part of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay. Assignor has verified that all Funds are currently owned by Assignor.

4.2    *Assignee.* Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement.

**5    General Provisions.**

5.1    *Enforceability.* This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance with its terms except as may be limited by operation of law.

5.2    *Binding Effect.* The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

5.3    *Notices.* Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

5.4    *Headings.* All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

5.5    *Mutual Writing.* This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

5.6    *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.7    *Advice of Counsel.* Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

5.8    *Severability.* In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

5.9    *Choice of Law.* This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.10    *Time of the Essence.* The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____

245 Holdings LLC
Edward Benison - Managing Director

Assignee: _____

Dilks & Knopik, LLC
Brian J Dilks - Member



## NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, 245 Holdings LLC ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds/claim(s).

The Assigned funds/claim(s):

Debtor: James A. & Patricia M. Futch
Court: United States Bankruptcy Court - Southern District of Texas
Case Number: 12-38988-H5-13
Chapter: 13
Original Creditor: Thunderbolt Holdings LTD Inc.
Unclaimed Amount: $7,161.21
Claim #: 11,12
Purchase Price: $

CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Thursday, December 06, 2018.

245 Holdings LLC

Edward Benison - Managing Director

Page 4 of 4

**AMENDED AND RESTATED**
**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**245 Holdings, LLC**

This Limited Liability Company Agreement ("Agreement") is made as of January 17, 2013, by and between 245 Holdings, LLC, a Delaware limited liability company and InSolve Funding, LLC, a Delaware limited liability company.

## RECITALS:

A.  Effective January 17, 2013, InSolve Recovery, LLC changed its name to 245 Holdings, LLC, a Delaware limited liability company (the "Company").

B.  The only member of the Company is InSolve Funding, LLC, a Delaware limited liability company ("Member").

C.  The Member and the Company desire to cause the business of the Company to be conducted under the terms and conditions hereinafter set forth.

NOW, THEREFORE, the Member hereby amends and restates the Agreement pursuant to and in accordance with the Delaware Limited Liability Company Act in effect as of the date hereof and as it may be amended from time to time (the "Act"), and the Member and the Company hereby agree as follows:

1.  <u>Name</u>.  The name of the limited liability company formed hereby is "245 Holdings, LLC."

2.  <u>Principal Place of Business; Agent for Service of Process</u>.  The principal place of business of the Company is 3440 Preston Ridge Rd., Suite 275, Alpharetta, Georgia 30005. The name and address of the Company's registered agent for service of process on the Company in the State of Delaware is The Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, Delaware 19808.

3.  <u>Term</u>.  The term of the Company shall commence as of the date of this Agreement, and shall continue in perpetuity, unless sooner terminated by this Agreement or by law.

4.  <u>Purpose</u>:  The purpose for which the Company has been created is to engage in all lawful activities in which a limited liability company may engage under applicable law.

5.  <u>Capital Contributions</u>.  The Member may make, but is not obligated to make, such capital contributions to the Company as the Member in its sole and absolute discretion deems appropriate.

6.  <u>Transfer of Company Interests</u>.  No sale, assignment, transfer, encumbrance or hypothecation shall be made by a Member of the whole or any part of such Member's interest in the Company (including, but not limited to, its interest in the capital or profits of the Company) without the prior consent of the Member(s), which consent may be withheld in the sole and

absolute discretion of the Member(s).   Upon transfer of an interest in compliance with this Section 6, the transferee of such Member's interest in the Company shall be admitted as a substitute Member.

7.      Management of the Company.  The business and affairs of the Company shall be managed by the Managers selected by the Member from time to time. The current Managers are Philip Daniels and Charles Rusbasan. The Managers shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the laws of the State of Delaware.   The Managers are hereby authorized to execute any and all documents, agreements, contracts and instruments on behalf of the Company, which shall be valid and binding upon the Company.  The Company shall reimburse the Managers for any expenses paid or incurred by the Member in furtherance of its duties or pursuant to its rights and powers under this Agreement.

8.      Liability of Member.  The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

9.      Tax Matters.   Solely for all federal and state income tax purposes the Member intends that the Company be either treated as a branch or division of the Member or ignored and will file such necessary and appropriate forms in furtherance thereof.

10.      Dissolution.  The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written election of the Member, (b) the bankruptcy or dissolution of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company, or the entry of a decree of judicial dissolution.  As soon as possible after the occurrence of any dissolution event described in this Section and the winding up of the Company's affairs, the Company shall execute and file a Certificate of Cancellation and such other appropriate forms as may be prescribed by the State of Delaware.

11.      Governing Law.  This Agreement shall be governed by, and construed under, the laws of the State of Delaware all rights and remedies being governed by said laws.

12.      Amendments.   This Agreement may be modified or amended only by an instrument signed in writing by the Member and the Company.


        IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Limited Liability Company Agreement as of the date first above written.


**[SIGNATURES CONTINUED ON NEXT PAGE]**

**COMPANY:**

**245 Holdings, LLC**


By: _____
Name: Philip Daniels
Title: Manager


**MEMBER:**

**InSolve Funding, LLC**


By: _____
Name: Jeff Padden
Title: Manager

**AMENDED AND RESTATED**
**LIMITED LIABILITY COMPANY AGREEMENT**

**OF**

**InSolve Funding, LLC**

This Limited Liability Company Agreement ("Agreement") is made as of January 1, 2012, by and between InSolve Funding, LLC, a Delaware limited liability company (the "Company") and its sole member, InSolve Capital LP, a Delaware limited partnership ("Member").

<u>**RECITALS:**</u>

A.      The Member and the Company desire to cause the business of the Company to be conducted under the terms and conditions hereinafter set forth.

NOW, THEREFORE, the Member hereby amends and restates the Agreement pursuant to and in accordance with the Delaware Limited Liability Company Act in effect as of the date hereof and as it may be amended from time to time (the "Act"), and the Member and the Company hereby agree as follows:

1.      <u>Name</u>.  The name of the limited liability company formed hereby is "InSolve Funding, LLC."

2.      <u>Principal Place of Business; Agent for Service of Process</u>.  The principal place of business of the Company is 3440 Preston Ridge Rd., Suite 275, Alpharetta, Georgia 30005. The name and address of the Company's registered agent for service of process on the Company in the State of Delaware is The Corporation Service Company, 2711 Centerville Rd Ste 400, Wilmington, Delaware 19808.

3.      <u>Term</u>.  The term of the Company shall commence as of the date of this Agreement, and shall continue in perpetuity, unless sooner terminated by this Agreement or by law.

4.      <u>Purpose</u>:  The purpose for which the Company has been created is to engage in all lawful activities in which a limited liability company may engage under applicable law.

5.      <u>Capital Contributions</u>.  The Member may make, but is not obligated to make, such capital contributions to the Company as the Member in its sole and absolute discretion deems appropriate.

6.      <u>Transfer of Company Interests</u>.  No sale, assignment, transfer, encumbrance or hypothecation shall be made by a Member of the whole or any part of such Member's interest in the Company (including, but not limited to, its interest in the capital or profits of the Company) without the prior consent of the Member(s), which consent may be withheld in the sole and absolute discretion of the Member(s).  Upon transfer of an interest in compliance with this <u>Section 6</u>, the transferee of such Member's interest in the Company shall be admitted as a substitute Member.

7.      <u>Management of the Company</u>.  The business and affairs of the Company shall be managed by the Managers selected by the Member from time to time. The current Managers

are Jeff Padden, Scott Gilbert, Philip Daniels and Charles Rusbasan. The Managers shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the laws of the State of Delaware. The Managers are hereby authorized to execute any and all documents, agreements, contracts and instruments on behalf of the Company, which shall be valid and binding upon the Company. The Company shall reimburse the Managers for any expenses paid or incurred by the Member in furtherance of its duties or pursuant to its rights and powers under this Agreement.

8. <u>Liability of Member</u>. The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

9. <u>Tax Matters</u>. Solely for all federal and state income tax purposes the Member intends that the Company be either treated as a branch or division of the Member or ignored and will file such necessary and appropriate forms in furtherance thereof.

10. <u>Dissolution</u>. The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written election of the Member, (b) the bankruptcy or dissolution of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company, or the entry of a decree of judicial dissolution. As soon as possible after the occurrence of any dissolution event described in this Section and the winding up of the Company's affairs, the Company shall execute and file a Certificate of Cancellation and such other appropriate forms as may be prescribed by the State of Delaware.

11. <u>Governing Law</u>. This Agreement shall be governed by, and construed under, the laws of the State of Delaware all rights and remedies being governed by said laws.

12. <u>Amendments</u>. This Agreement may be modified or amended only by an instrument signed in writing by the Member and the Company.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Limited Liability Company Agreement as of the date first above written.

**[SIGNATURES CONTINUED ON NEXT PAGE]**

**COMPANY:**

**InSolve Funding, LLC**

By: _____
Name: Jeff Padden
Title: Manager

**MEMBER:**

**InSolve Capital LP**

By: _____
Name: Scott Gilbert
Title: Chief Financial Officer

# Delaware

**PAGE 1**

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF AMENDMENT OF "INSOLVE CAPITAL LP",
CHANGING ITS NAME FROM "INSOLVE CAPITAL LP" TO "BALBEC CAPITAL
LP", FILED IN THIS OFFICE ON THE TENTH DAY OF DECEMBER, A.D.
2013, AT 10 O'CLOCK A.M.

Jeffrey W. Bullock, Secretary of State

**AUTHENTICATION: 1137123**

**DATE: 02-17-14**

4777692   8100

140180780

You may verify this certificate online
at corp.delaware.gov/authver.shtml

## STATE OF DELAWARE
## AMENDMENT TO THE CERTIFICATE OF
## LIMITED PARTNERSHIP

The undersigned, desiring to amend the Certificate of Limited Partnership pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST: The name of the Limited Partnership is  InSolve Capital LP

SECOND:  Article 1    of the Certificate of Limited Partnership shall be amended as follows:

FIRST: The name of the limited partnership is Balbec Capital LP.

IN WITNESS WHEREOF, the undersigned executed this Amendment to the Certificate of Limited Partnership on this 2nd   day of December        , A.D. 2013 .

By: _____

General Partner(s) Manager

Name:  Jeff C. Padden

Print or Type

For: InSolve Capital, LLC
ITs: General Partner

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:00 AM 12/10/2013
FILED 10:00 AM 12/10/2013
SRV 131404802 - 4777692 FILE



